ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Applied Medical Resources Corporation,   )
                                          )
        Plaintiff/Counter-defendant,      )
                                          )
v.                                        )   Misc. Case No.: 1:06MS00297
                                          )
Gaya Limited,                             )
                                          )
        Defendant/Counter-plaintiff.      )   Honorable Rosemary Collyer
                                          )
                                          )

**PLAINTIFF/COUNTER-DEFENDANT APPLIED MEDICAL RESOURCES CORPORATION'S OPPOSITION TO TIMOTHY BRACKETT'S MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE FOR PROTECTIVE ORDER**

## I. INTRODUCTION

In this patent infringement action Applied Medical Resources Corporation ("Applied") seeks to take the deposition of attorney Timothy Brackett who prosecuted before the United States Patent and Trademark Office ("PTO") the application leading to the patent in suit. Mr. Brackett is a patent attorney at the firm of Nixon Peabody. Mr. Brackett is the sole witness with personal knowledge of the relevant PTO proceedings. Mr. Brackett personally interviewed the PTO Examiner and demonstrated a prototype of the invention in an effort to convince the Examiner that the invention was distinguishable from the prior art. Additionally, in exchange for an expedited examination of the patent application in question, Mr. Brackett made various representations to the PTO regarding the prior art. Applied maintains the claimed invention of the asserted patent is not novel in view of the same prior art Mr. Brackett characterized for the PTO, and thus Mr. Brackett's representations regarding the prior art were inaccurate.

- 1 -



RECEIVED

JUL 7 - 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Mr. Brackett's testimony concerning the prosecution of the patent application is clearly relevant to this patent infringement lawsuit and the evidence he may provide can be obtained from no other source. His argument that his deposition is not relevant to these proceedings simply has no merit. Indeed, Gaya Limited ("Gaya") has admitted that the prosecution of the asserted patent is an appropriate subject of discovery.[1] Further, Mr. Brackett cannot avoid appearing for a deposition by hiding behind an overbroad assertion of the attorney-client privilege. His dealings with the PTO unquestionably are not privileged. Accordingly, this Court should deny Mr. Brackett's motion to quash the subpoena.

## II. FACTUAL BACKGROUND

Gaya alleges that Applied infringes U.S. Patent No. 6,945,932 ("the '932 patent"). The application leading to the '932 patent was filed on March 20, 2000. The patent issued on September 20, 2005. Mr. Brackett was the Gaya representative dealing with the PTO during the substantial majority of the five-plus years the patent application was pending before the PTO, and was directly responsible for the most significant aspects of that prosecution.

Initially, in order to expedite the examination of the application, Mr. Brackett filed a Petition to Make Special. *See* Declaration of Joseph F. Jennings filed concurrently herewith ("Jennings Decl."), Ex. A. In the Petition to Make Special, Mr. Brackett described a prior art search performed in connection with the claimed invention. *Id.*, ¶ 3. Mr. Brackett then made specific representations regarding the disclosure of the prior art references and how each prior art reference differed from the invention claimed in the application. *Id.*, ¶ 5.

---

[1]   *See* Mills Decl., Ex. F (acknowledging "facts relating to the prosecution" of the subject patent application were properly subject to discovery).

Mr. Brackett later conducted a personal interview of the Examiner on February 24, 2004. *See* Jennings Decl., Ex. B. Mr. Brackett and the Examiner were the only participants in the interview. *Id.* The Examiner filled out an Interview Summary document which includes scant information about the interview. *Id.* The summary notes, however, that Mr. Brackett demonstrated "a prototype of invention." *Id.*

Mr. Brackett has made no appearance in this lawsuit. Rather, Mr. Laurin Mills (admitted *pro hac vice* in the California lawsuit) and Ms. Beth Mitchell, who are also with the Nixon Peabody firm, have represented Gaya as trial counsel in this lawsuit.

Initially, Applied served a Rule 30(b)(6) subpoena for Nixon Peabody with the expectation that he would be the designee because he appeared to be the only person with personal knowledge of the majority of the topics, i.e. the relevant prosecution of the patent in suit before the PTO. *See* Mills Decl., Exs. E, I. The notice would have allowed Mr. Brackett to prepare for the deposition if he did not have knowledge or recollection regarding certain of the topics, such as, for example, the whereabouts of the prototype he demonstrated during his 2004 interview with the Patent Examiner, the firm's policy with respect to retaining such items, and possibly portions of the patent prosecution undertaken by others working with him.

It became apparent that Gaya and/or Nixon Peabody intended to frustrate Applied's attempt to take discovery by way of the Rule 30(b)(6) deposition by producing a non-attorney witness other than Mr. Brackett. *See, e.g.*, Mills Decl., Ex. F. It is not clear how such witness would have had any personal knowledge of the prosecution of the patent in suit. Presumably such a witness could have done no more than read the patent prosecution file. Rather than dispute the propriety of this plan, Applied withdrew the Rule 30(b)(6) deposition subpoena and decided to proceed only with the personal deposition of Mr. Brackett. *See* Mills Decl., Ex. I. Applied noted that it still expected

Nixon Peabody to produce the requested documents and things (*see id.*), as these presumably would not be in Mr. Brackett's personal files. Mr. Brackett then filed the instant motion.

Although Mr. Brackett's motion to quash asserts that "the current motion is directed both to the subpoena to Mr. Brackett and to the documents requested from Nixon Peabody LLP" (Memo. Supp. Mot. to Quash at 6 n.2), the motion does not substantively address the latter issue. Further, neither Mr. Brackett nor Nixon Peabody have provided any privilege log to allow Applied or this Court to evaluate any potential privilege objection to the production of the requested documents and things.

### III. ARGUMENT

#### A.    Standard For Motion To Quash

Mr. Brackett correctly notes that Federal Rules of Civil Procedure 26(c) and 45 govern this motion. *See* Memo. Supp. Mot. to Quash at 7. Specifically, a district court may limit discovery "for good cause shown" by making "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," FED. R. CIV. P. 26(c), and may "quash or modify [a] subpoena if it … (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A). Mr. Brackett then makes no attempt to show that any of these factors justify the relief he requests.

Mr. Brackett instead relies on the so-called "*Shelton* test" outlined in *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). As described below, this test is (1) inapplicable here, and (2) satisfied in any event.

/ / /

/ / /

B.  **The *Shelton* Test Does Not Apply To Mr. Brackett's Motion To Quash Because He Is Not Trial Counsel And Possesses Relevant Pre-Litigation Factual Knowledge**

Although Federal Circuit law controls substantive issues of patent law, the Federal Circuit defers to the law of the regional circuits on procedural matters not unique to patent law. *See In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 803-04 (Fed. Cir. 2000). Thus D.C. Circuit law controls this issue.

While this Court disfavors depositions of opposing counsel, *see Evans v. Atwood*, No. Civ. A 96-2746(RMU), 1999 WL 1032811, at *2 (D.D.C. Sept. 29, 1999), the Court has also emphasized that "the Federal Rules of Civil Procedure create no special presumptions or exceptions for lawyers, or anyone else—even a sitting President of the United States." *United States v. Philip Morris Inc.*, 209 F.R.D. 13, 19 (D.D.C. 2002). This Court's presumption against opposing counsel depositions, *see Evans*, 1999 WL 1032811, at *2, simply clarifies which party bears the burden of proof. Thus, "a party seeking to depose its adversary's counsel must demonstrate the propriety of and need for such a deposition." *Id.*

This Court has used the test outlined in *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) as a framework in deciding whether to allow a deposition of opposing counsel. *See, e.g., Evans*, 1999 WL 1032811, at *2. Under *Shelton*, a court should permit a deposition of opposing counsel where:

(1) no other means exist to obtain the information;

(2) the information sought is relevant and non-privileged; and

(3) the information is crucial to the preparation of the case.

*Id.* However, this Court has also stressed that "while several district courts in this Circuit have cited or relied on *Shelton*, they have never embraced [the] view that the Shelton criteria apply to all attorney depositions, without regard to the subject matter of the deposition or the deponent's role in

the pending case." *Philip Morris*, 209 F.R.D. at 18. As explained below, *Shelton* does not apply to Applied's attempt to take the deposition of patent prosecution counsel in this case.

This Court explained in *Philip Morris* that "the three [*Shelton*] criteria *only* apply to depositions of trial counsel—or counsel directly representing the party in the pending litigation—and then only if the deposition would reveal litigation strategy in the pending case." *Id (emphasis added)*. The Court distinguished *Philip Morris* from *Shelton* on a number of grounds, including: (1) Plaintiffs did not seek to depose counsel about defense or litigation strategies related to the case but rather sought information about non-privileged, pre-litigation factual matters; (2) the facts of *Philip Morris* did not invoke the "animating concern" of *Shelton*—to prevent the use of discovery rules to "enable a learned profession to perform its functions ... on wits borrowed from the adversary" and thereby to prevent counsel from taking a "short-cut" in discovery; and (3) the proposed deponents "[were] not litigation or trial counsel." *Id.* at 17-18. The Court further pointed out that "virtually every other Circuit case that Defendants claim support[ed] their sweeping view of *Shelton* in fact applied *Shelton* to limit depositions of trial counsel or counsel directly involved in representing a party in the case." *Id.*

Here, Mr. Brackett is not serving as Gaya's litigation counsel. Applied seeks to depose Mr. Brackett regarding factual pre-litigation matters, namely his involvement in the prosecution of the '932 patent. Applied has no intent to depose Mr. Brackett regarding Gaya's litigation strategy. Thus, the considerations of *Shelton* do not apply here and this Court should permit Mr. Brackett's deposition by Applied.

Indeed, this Court has allowed the deposition of counsel on numerous occasions where, as here, the *Shelton* factors were similarly inapplicable. *See Amicus Communs., L.P. v. Hewlett-Packard Co., Inc.*, Misc. No. 99-0284, 1999 U.S. Dist. LEXIS 20901, at *8-*9 (D.D.C. Dec. 3,

1999) (allowing the deposition of non-party counsel regarding his role in the prosecution of a trademark application, explaining that "the discovery sought by defendant from [counsel was] relevant, non-privileged and not obtainable from other sources"); *Evans*, 1999 WL 1032811, at *3 (affirming the magistrate judge's order allowing the deposition of opposing counsel, explaining that the "considerations behind the courts' reluctance to allow parties to depose opposing counsel" did not apply because the proposed deponent was not counsel of record); *Sadowski v. Gudmundsson*, 206 F.R.D. 25, 27 (D.D.C. 2002) (allowing the deposition of litigation counsel where counsel had "unique or superior knowledge of key facts"); *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 279 (D.D.C. 2001) (allowing defendants to depose litigation counsel in her role as plaintiff's limited guardian, which predated her role as plaintiff's attorney).

Notably, the only case in this Circuit cited by Mr. Brackett where the Court recited the *Shelton* factors and then refused to allow the deposition of counsel did not even ultimately turn on the *Shelton* test. *See Corp. for Pub. Broad. v. Am. Auto. Centennial Comm'n*, No. 1:97CV01810, 1999 WL 1815561, at *2 (D.D.C. Feb. 2, 1999). Rather, the Court in *Corporation for Public Broadcasting* denied plaintiffs' request for the deposition of counsel because "the alleged oral contract in dispute was actually negotiated by the principals[,] not attorneys and ... Defendant had no plans to call any counsel as witnesses." *Philip Morris*, 209 F.R.D. at 18 (explaining the Court's holding in *Corporation for Public Broadcasting*).

This Court has also observed that "several courts have allowed the depositions of patent prosecution counsel, and have refused to uphold such counsel's blanket invocation of attorney-client privilege." *Amicus Communs.*, 1999 U.S. Dist. LEXIS 20901, at *5. The Court noted that a party is not precluded from deposing patent prosecution counsel even if that counsel was also chosen as trial counsel, because "when a party employs a counsel to represent it in a case where an

attorney has played a role in the underlying facts, both the attorney and the party have every reason to expect that the attorney's deposition may be requested." *Id.* (quoting *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 249 (D. Kan. 1995)). Because Mr. Brackett is not Gaya's trial counsel, allowing his deposition is even more appropriate. The mere fact that Gaya chose other lawyers from Mr. Brackett's firm to act as its trial counsel should not be used to hamper Applied's ability to conduct discovery regarding Mr. Brackett's prosecution of the patent in suit.

The Court in *Amicus Communications* also indicated that the key question in deciding whether to allow deposition of counsel is whether the proposed deponent has factual pre-litigation knowledge. *Id.* at *6 n.2. Because the proposed deponent had such knowledge, the Court considered his attempted reliance upon *Shelton* misplaced. *Id.* Mr. Brackett's attempted reliance upon *Shelton* fails for the same reason, he has pre-litigation knowledge directly relevant to these proceedings.

In sum, Mr. Brackett who acted as patent prosecution counsel for Gaya years before this litigation and who is not trial counsel in this lawsuit cannot avoid a deposition based upon his misplaced reliance on the *Shelton* test of the Eighth Circuit.

C.  **Even If This Court Were to Apply The *Shelton* Test, Applied's Deposition Of Mr. Brackett Would Still Be Appropriate**

  1.  **No Other Means Exist For Applied To Obtain Particular Information Relevant To Its Affirmative Defenses**

Applied seeks to depose Mr. Brackett regarding the prosecution of the '932 patent. For example, as explained above, Mr. Brackett interviewed the PTO Examiner and demonstrated a prototype of the invention.[2] Both the operation of the prototype and the substance of the interview

---

[2] Applied has seen only a photograph of this prototype, which photograph was produced after this motion was filed. (Jennings Decl., Ex. E).

where Mr. Brackett demonstrated it for the Examiner are potentially of critical importance in this case. Only Mr. Brackett and the Examiner know what occurred during that interview. Testimony from an Examiner is severely limited by PTO rules and therefore of no practical use in this case. *See* 37 C.F.R. §104.23 and M.P.E.P. §§1701, 1701.01 (Jennings Decl., Exs. C, D). For example, if Applied were to seek to depose the Examiner, it could not inquire about what took place during the interview or what facts, representations, and arguments Mr. Brackett made. *See* M.P.E.P. § 1701.01 (prohibiting an examiner from giving testimony in response to questions about the examiner's understanding of an invention sought to be patented, a patent application, or the prior art); *see also Western Elec. Co., Inc. v. Piezo Tech., Inc.*, 860 F.2d 428, 432 (Fed. Cir. 1988) (holding that questions posed to the Examiner as factual inquiries about meeting events or discussions would not be allowed). Because Applied cannot discover substantive information about the interview by deposing the Examiner, Mr. Brackett is the only witness who can testify about that interview.

Also, in exchange for an expedited examination of Gaya's patent application, Mr. Brackett made various representations to the PTO regarding the prior art. Applied contends that these representations were incorrect. *See* Jennings Decl., ¶ 2. The subject of these representations bears directly on the presumption of validity of the patent in suit. *See* 35 U.S.C. §282. Specifically, the presumption of validity would be more easily overcome if it turns out that Mr. Brackett's representations regarding the prior art were inaccurate. Because only Mr. Brackett can address the basis for his representations, his testimony is potentially crucial to this aspect of the case. Although Gaya suggests that the parties can present expert testimony on the subject, Applied should not be limited to presenting its case as a potential battle of the experts. Applied should be permitted to question directly the person who made the representations in question.

## 2. The Information Applied Seeks Is Relevant To Its Affirmative Defense Of Invalidity And Is Non-Privileged

### a. The Discovery Is Relevant

The discovery Applied seeks is both relevant and non-privileged. As noted above, a patent is presumed valid, and the burden of establishing invalidity of a patent or any claim thereof rests on the party asserting invalidity. 35 U.S.C. § 282. Any incorrect representations of the prior art before the PTO by Mr. Brackett, regardless of his intent in doing so, would potentially affect Applied's ability to overcome this presumption. Thus, the information Applied seeks through the deposition of Mr. Brackett is directly relevant to its affirmative defense of invalidity.

The circumstances of Mr. Brackett's interview with the Examiner beyond the scant information included in the Examiner's Interview Summary also bear directly on the potential interpretation of the asserted patent and how the invention was embodied in the demonstrated prototype. Surely Gaya and Mr. Brackett cannot seriously contend that this interview is not relevant to this lawsuit.

Mr. Brackett's lack of relevance argument relies principally on the absence of an allegation of inequitable conduct, noting that the Southern District of New York declined to allow a deposition of counsel in a case where there was no defense of inequitable conduct. *See ResQNet.com, Inc. v. Lansa, Inc.*, 59 Fed. R. Serv. 3d (Callaghan) 122, 126 (S.D.N.Y. July 21, 2004). But that case does not, as Mr. Brackett appears to argue, create a rule that patent prosecution counsel cannot be deposed unless inequitable conduct has been alleged. Furthermore, the case is distinguishable for a number of reasons. First, *ResQNet.com* applied Second Circuit law.[3] Second, the defendant in *ResQNet.com* argued only that a deposition of counsel was necessary in light of its potential

---

[3] The *Shelton* test does not apply in the Second Circuit. *See In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65 (2d Cir. 2003).

affirmative defense of inequitable conduct, a defense that the defendant had not asserted. *Id.* at 126-27. Third, the defendant in *ResQNet.com* "identified no specific topic or new information as to which [patent prosecution counsel's] testimony would be necessary." *Id.* at 128. Mr. Brackett's deposition in this case is relevant irrespective of any inequitable conduct defense as explained above.

### b. The Discovery Is Not Privileged

Mr. Brackett's deposition will not require the disclosure of attorney-client privileged communications. As noted above, this Court has rejected patent prosecution counsel's "blanket invocation of attorney-client privilege" in objecting to deposition. *See Amicus Communs.*, 1999 U.S. Dist. LEXIS 20901, at *5. Further, Applied does not intend to ask about confidential communications between Mr. Brackett and Gaya relating to legal advice nor does Applied intend to ask about Gaya's trial strategy, and thus the attorney-client privilege will not apply. In any event, Gaya will have an opportunity to assert the privilege on a question-by-question basis.[4]

Mr. Brackett's deposition also will not impinge on the work-product immunity. "[W]ork performed by an attorney to prepare and prosecute a patent application [generally] does not fall within the parameters of the work-product protection." *Id.* at *6 (quoting *In re Application of Minebea Co.*, 143 F.R.D. 494, 499 (S.D.N.Y. 1992)). Specifically, courts have allowed "[q]uestions of patent prosecution counsel regarding his thought process with respect to the original patent application ... [and] [i]nquir[ies] regarding a patent prosecution attorney's communications with the Patent and Trademark Office." *Id.* at *6-*7 (citations and internal quotation marks

---

[4] *See Genal Strap, Inc. v. Dar*, No. CV 04-1691, 2006 U.S. Dist. LEXIS 11474, at *9 (E.D.N.Y. Mar. 3, 2006) (quoting *Alcon Labs., Inc. v. Pharmacia Corp.*, 225 F. Supp. 2d 340, 344 (S.D.N.Y. 2002))("[A]n attorney cannot avoid a deposition by asserting that he or she has no relevant, nonprivileged information, ... at a minimum, the attorney must submit to a deposition so that his lack of knowledge may be tested on any claimed privilege placed on the record." ).

omitted). "With respect to documents, it is settled that to come within the umbrella of the work-product doctrine, the document must have been prepared in anticipation of litigation or for trial, and that the privilege is not extended to preparation for ex parte proceedings such as patent proceedings." *Id.* at *7 (internal quotation marks omitted). The D.C. Circuit has held that a litigant "must demonstrate that documents were created with a specific claim supported by concrete facts which would likely lead to litigation in mind, not merely assembled in the ordinary course of business or for other nonlitigation purposes." *Linde Thomson Langworthy Kohn & Van Dyke v. Resolution Trust Corp.*, 5 F.3d 1508, 1515 (D.C. Cir. 1993) (citation and internal quotation marks omitted). This Court has rejected "the proposition 'that litigation is a 'possibility' in every patent application.'" *Amicus Communs.*, 1999 U.S. Dist. LEXIS 20901, at *8 (quoting *Stryker Corp. v. Intermedics Orthopedics, Inc.*, 145 F.R.D. 298, 302 (E.D.N.Y. 1992)). Thus documents created during patent prosecution can not receive work-product protection unless they are specifically created in anticipation of or during the course of a particular litigation. Mr. Brackett's deposition regarding pre-litigation patent prosecution will not infringe upon the work-product doctrine, and he has not even attempted to make a showing to the contrary.

3. **The Information Applied Seeks Is Crucial To Applied's Affirmative Defense Of Invalidity**

As noted above, any incorrect representations of the prior art by Mr. Brackett, regardless of his intent in doing so, may directly affect Applied's ability to overcome the presumption of validity accorded the '932 patent. Further, Mr. Brackett is the only witness who can testify with personal knowledge regarding the substance of the Examiner interview. Thus the information Applied seeks through the deposition of Mr. Brackett is crucial to its affirmative defense of invalidity and to the correct disposition of this case.

D.   **This Motion To Quash Does Not Address Applied's Request For Documents And Things Related To Prosecution Of The "932 Patent**

Mr. Brackett states that "the current motion is directed both to the subpoena to Mr. Brackett and to the documents requested from Nixon Peabody LLP." (Mills Mem. Supp. Mot. to Quash at 6 n.2.) But he then makes no argument why Nixon Peabody should not produce its non-privileged documents and its things (i.e. any prototypes) responsive to the subpoena. Accordingly, Nixon Peabody should comply with the subpoena and produce and permit inspection of the responsive documents and things.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Mr. Brackett's motion to quash and order Mr. Brackett to appear for a deposition at a reasonable time and place to be agreed upon by the parties.

Respectfully submitted,

Dated: 7/06/06

By: _____
Brenton R. Babcock (Bar No. 444,988)

Dated: 7/6/06

By: _____
Joseph R. Jennings (*pro hac vice* pending)
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, Suite 1400
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502
*Attorney for Plaintiff/Counter-defendant*
APPLIED MEDICAL RESOURCES CORP.

- 13 -

- 14 -

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 78.1, we respectfully request oral argument on this motion.

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July, 2006, I caused a copy of the foregoing **PLAINTIFF/COUNTER-DEFENDANT APPLIED MEDICAL RESOURCES CORP.'S OPPOSITION TO TIMOTHY BRACKETT'S MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE FOR PROTECTIVE ORDER** to be served by electronic mail and U.S. Mail, postage prepaid upon:

Beth L. Mitchell
NIXON PEABODY, LLP
Two Embarcadero Center, Suite 2700
San Francisco, CA 94111-3996
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

Laurin Mills
NIXON PEABODY, LLP
401 9th Street N.W. Ste. 900
Washington, D.C. 20004
Telephone: (202) 585-8000
Facsimile: (202) 585-8080


_____
Lori Hicks

2715380
062706

ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Applied Medical Resources Corporation, | ) | |
| | ) | |
| Plaintiff/Counter-defendant, | ) | |
| | ) | Misc. Case No.: 1:06MS00297 |
| v. | ) | |
| | ) | |
| Gaya Limited, | ) | |
| | ) | |
| Defendant/Counter-plaintiff. | ) | |
| | ) | Honorable Rosemary Collyer |
| | ) | |

**DECLARATION OF JOSEPH F. JENNINGS IN SUPPORT OF APPLIED MEDICAL'S OPPOSITION TO TIMOTHY BRACKETT'S MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE FOR PROTECTIVE ORDER**

I, Joseph F. Jennings, declare as follows:

1. I am counsel of record for Plaintiff Applied Medical Resources Corporation in the above-captioned case. I have personal knowledge of the facts stated herein, and, if called upon to do so, I could and would testify competently to them.

2. Attached hereto as Exhibit A is a true and correct copy of a Petition to Make Special Under 37 C.F.R. 1.102(c) and MPEP 708.2(VIII), from the prosecution history file of the patent in suit. Applied alleges the claimed invention of the patent in suit is invalid over a number of the prior art references described in this Petition to Make Special and has served interrogatory responses detailing how the prior art references anticipate the claimed invention of the patent in suit.

3. Attached hereto as Exhibit B is a true and correct copy of an Interview Summary from prosecution history file of the patent in suit referencing an interview Mr. Brackett had with Examiner Michael Thaler on February 24, 2004.

4. Attached hereto as Exhibit C is a true and correct copy of Section 104.23 from Title 37 Code of Federal Regulations.

5. Attached hereto as Exhibit D is a true and correct copy of Sections 1701 and 1701.01 from the Manual of Patent Examining Procedure.

6. Attached hereto as Exhibit E is a true and correct copy of an email from Laurin Mills dated June 27, 2006 and the attached photographs of what the email characterizes as the "so-called 'prototype'" that Mr. Brackett demonstrated for the Examiner.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of July, 2006, at Irvine California.

_____
Joseph F. Jennings

2715425
062706

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July, 2006, I caused a copy of the foregoing to be served by electronic mail and U.S. Mail, postage prepaid upon:

**Beth L. Mitchell**
**NIXON PEABODY, LLP**
Two Embarcadero Center, Suite 2700
San Francisco, CA 94111-3996
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

**Laurin Mills**
**NIXON PEABODY, LLP**
401 9th Street N.W. Ste. 900
Washington, D.C. 20004
Telephone: (202) 585-8000
Facsimile: (202) 585-8080

_____
Lori Hicks

- 3 -