| *Interview Summary* | Application No. 09/936,841 | Applicant(s) CALDWELL ET AL. |
| | Examiner Michael Thaler | Art Unit 3731 |

All participants (applicant, applicant's representative, PTO personnel):

(1) *Michael Thaler*.                          (3)_____.

(2) *Tim Bracket*.                             (4)_____.

   Date of Interview: *24 February 2004*.

   Type:  a)☐ Telephonic  b)☐ Video Conference
           c)☒ Personal [copy given to:  1)☐ applicant    2)☒ applicant's representative]

Exhibit shown or demonstration conducted:   d)☒ Yes    e)☐ No.
    If Yes, brief description: *prototype of invention*.

Claim(s) discussed: *11*.

Identification of prior art discussed: *Golub et al.* .

Agreement with respect to the claims f)☐ was reached.  g)☒ was not reached.  h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: *Arguments were made that Golub et al. fail to show the sleeve applying outward pressure against the patient's body suffient to retract the incision.  The examiner reserved judgement on the patentability of the claims.*.

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached.  Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04).  If a reply to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE, OR THE MAILING DATE OF THIS INTERVIEW SUMMARY FORM, WHICHEVER IS LATER, TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  See Summary of Record of Interview requirements on reverse side or on attached sheet.

Examiner Note:  You must sign this form unless it is an
Attachment to a signed Office action.

_____
Examiner's signature, if required

U.S. Patent and Trademark Office
PTOL-413 (Rev. 04-03)                    Interview Summary                    Paper No. 14

14

EXHIBIT_____

## Summary of Record of Interview Requirements

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

### Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews
#### Paragraph (b)
In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

### 37 CFR §1.2 Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

———

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
- Application Number (Series Code and Serial Number)
- Name of applicant
- Name of examiner
- Date of interview
- Type of interview (telephonic, video-conference, or personal)
- Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
- An indication whether or not an exhibit was shown or a demonstration conducted
- An identification of the specific prior art discussed
- An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
- The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case. It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
    (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

15

EXHIBIT  *B*

## PROPOSED AMENDMENTS

## (SIMILAR AMENDMENTS TO BE MADE TO IND. CLAIMS 1 AND 12)

11. A surgical device for use in minimally invasive surgery of the type using an inflated cavity accessible to a surgeon through an access port, defined by the device, surrounding an incision in a patient's body, the device comprising:

body cavity engagement means for insertion into the incision to locate the device in position including a distal ring;

fixing means for attaching the device to a patient's skin, said fixing means including a proximal ring;

a sleeve [connectable] connected between the body cavity engagement means and the fixing means, said sleeve having an adjustable length that shortens to cause said sleeve to apply outward pressure against the patient's body sufficient to retract the incision to define the access port; and

a sealing means mounted on at least one of the distal ring and the proximal ring to prevent substantial leakage of gas from the body cavity on inflation when in an operative position and formed to mold about a substantial portion of a surgeon's hand or surgical instrument on insertion in an operating position.

16

EXHIBIT _____ 𝒷

- 2 -

[0001]    In use, an incision is made in the abdominal wall 3 and the distal ring 5 and associated cuff valve 8 is passed through the incision into the cavity 2. The distal ring 5 includes two semi-rigid actuates. The cuff valve 8 includes [operates by pressing together] internal faces of a flexible gas impermeable film of sleeve 4. The internal faces of sleeve 4 forming the cuff valve are mounted between the semi-rigid actuates of the distal ring 5 which operates to press together the internal faces to provide a seal. The actuates are arranged substantially parallel in folded ends of sleeve 4 [a distal tube] forming pockets to hold them in tension. The actuates have a bio-compatible medical grade foam along a side to cause tension between opposing faces of the film and to act as a cushion for objects inserted into the valve. The distal ring 5 is moved when in the cavity 2 so that the ring 5 surrounds the incision. The distal ring 5 thus surrounds the cuff valve 8. The proximal ring 6 can then be rotated, adjusted in height or stretched to take up the material and surplus sleeve 4 on the proximal ring 6. When the distal ring 5 is drawn up to snugly engage the internal abdominal wall 3 surrounding the incision, the proximal ring 6 is attached to the patient's skin to fix the device 1 in position. When in position, the sleeve 4 passing between the portions of the abdominal wall 3 exposed by the incision retracts the incision sides creating a lumen or bore through which an object or hand can be passed. A seal is provided by the cuff valve 8.

17        EXHIBIT____B____

NVA289542.1