

# COMPLETE TITLE 37 CODE OF FEDERAL REGULATIONS

# PATENT PUBLISHING, LLC



# COMPLETE

# TITLE 37

# CODE OF FEDERAL REGULATIONS

## Patents, Trademarks, and Copyrights

**Data Current as of July 31, 2005**

EXHIBIT _C_

## THIS TITLE

TITLE 37 – PATENTS, TRADEMARKS, AND COPYRIGHTS is composed of one volume. The contents of this volume represent all current regulations codified under this title of the CFR as of July 31, 2005.

In this revision, the parts in Chapter I, Subchapter A are regrouped according to the subject matter. All parts pertaining to trademarks follow Part 1. Appropriate notes are inserted in the text to guide the user.

---

Cite this Code: CFR

To cite the regulations in this volume, use title, part and section number.
Thus, 37 CFR 1.1 refers to Title 37, Part 1, Section 1.

---

(3) *Affidavits*. Except when the United States is a party, every demand shall be accompanied by an affidavit or declaration under 28 U.S.C. 1746 or 35 U.S.C. 25(b) setting forth the title of the legal proceeding, the forum, the requesting party's interest in the legal proceeding, the reason for the demand, a showing that the desired testimony or document is not reasonably available from any other source, and, if testimony is requested, the intended use of the testimony, a general summary of the desired testimony, and a showing that no document could be provided and used in lieu of testimony.

(d) Failure of the attorney to cooperate in good faith to enable the General Counsel to make an informed determination under this subpart may serve as a basis for a determination not to comply with the demand.

(e) A determination under this subpart to comply or not to comply with a demand is not a waiver or an assertion of any other ground for noncompliance, including privilege, lack of relevance, or technical deficiency.

(f) *Noncompliance*. If the General Counsel makes a determination not to comply, he or she will seek Department of Justice representation for the employee and will attempt to have the subpoena modified or quashed. If Department of Justice representation cannot be arranged, the employee should appear at the time and place set forth in the subpoena. In such a case, the employee should produce a copy of these rules and state that the General Counsel has advised the employee not to provide the requested testimony nor to produce the requested document. If a legal tribunal rules that the demand in the subpoena must be complied with, the employee shall respectfully decline to comply with the demand, citing *United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951).

## § 104.23 Expert or opinion testimony.

(a)  (1) If the General Counsel authorizes an employee to give testimony in a legal proceeding not involving the United States, the testimony, if otherwise proper, shall be limited to facts within the personal knowledge of the employee. Employees, with or without compensation, shall not provide expert testimony in any legal proceedings regarding Office information, subjects, or activities except on behalf of the United States or a party represented by the United States Department of Justice.

(2) The General Counsel may authorize an employee to appear and give the expert or opinion testimony upon the requester showing, pursuant to §104.3 of this part, that exceptional circumstances warrant such testimony and that the anticipated testimony will not be adverse to the interest of the Office or the United States.

(b)  (1) If, while testifying in any legal proceeding, an employee is asked for expert or opinion testimony regarding Office information, subjects, or activities, which testimony has not been approved in advance in writing in accordance with the regulations in this subpart, the witness shall:

(i) Respectfully decline to answer on the grounds that such expert or opinion testimony is forbidden by this subpart;

(ii) Request an opportunity to consult with the General Counsel before giving such testimony; and

(iii) Explain that upon such consultation, approval for such testimony may be provided.

(2) If the tribunal conducting the proceeding then orders the employee to provide expert or opinion testimony regarding Office information, subjects, or activities without the opportunity to consult with the General Counsel, the employee shall respectfully refuse to provide such testimony, citing *United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951).

(c) If an employee is unaware of the regulations in this subpart and provides expert or opinion testimony regarding Office information, subjects, or activities in a legal proceeding without the aforementioned consultation, the employee shall, as soon after testifying as possible, inform the General Counsel that such testimony was given and provide a written summary of the expert or opinion testimony provided.

(d) *Proceeding where the United States is a party*. In a proceeding in which the United States is a party or is representing a party, an employee may not testify as an expert or opinion witness for any party other than the United States.