JUL 29 2004

# Manual of PATENT EXAMINING PROCEDURE

Original Eighth Edition, August 2001
Latest Revision May 2004



EXHIBIT ____D____

## U.S. DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 MAIN ST.
14TH FLOOR
IRVINE, CA 92614

22

Rev. 2, May 2004

The U.S. Patent and Trademark Office does not handle the sale of the Manual, distribution of notices and revisions, or change of address of those on the subscription list. Correspondence relating to existing subscriptions should be sent to the Superintendent of Documents at the following address:

    Superintendent of Documents              Telephone:  202-512-2267
    Mail List Section
    Washington, DC 20402

Inquiries relating to purchasing the Manual should be directed to:

    Superintendent of Documents              Telephone:  202-512-1800
    United States Government Printing Office
    Washington, DC 20402

Orders for reproduced copies of individual replacement pages or of previous revisions of the Manual should be sent to the following address:

    Mail Stop Document Services             Telephone:  1-800-972-6382 or 703-308-9726
    Director of the U.S. Patent and Trademark Office
    P.O. Box 1450
    Alexandria, VA 22313-1450

Previous editions and revisions of the Manual are available on microfilm in the Patent Search Room.
The Manual is available on CD-ROM and on diskette from:

    U.S. Patent and Trademark Office           Telephone:  703-306-2600
    Office of Electronic Information Products and Services
    P.O. Box 1450
    Alexandria, VA 22313-1450

Employees of the U.S. Patent and Trademark Office should direct their requests for the Manual, replacement pages, notices, and revisions to the Patent Academy.    Telephone:  703-308-9660

Pursuant to the Patent and Trademark Office Efficiency Act (PTOEA) (Pub. L. 106-113, 113 Stat. 1501A-572), the head of the United States Patent and Trademark Office (USPTO) is the "Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office." The Director is assisted by the "Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office." The patent operations of the USPTO are now headed by the "Commissioner for Patents." The trademark operations of the USPTO are now headed by the "Commissioner for Trademarks." Under section 4741(b) of the PTOEA, any reference to the Commissioner of Patents and Trademarks, the Assistant Commissioner for Patents, or the Assistant Commissioner for Trademarks is deemed to refer to the Director, the Commissioner for Patents, or the Commissioner for Trademarks, respectively. See "Reestablishment of the Patent and Trademark Office as the United States Patent and Trademark Office" published in the *Federal Register* at 65 FR 17858 (Apr. 5, 2000), and in the *Official Gazette of the United States Patent and Trademark Office* at 1234 O.G. 41 (May 9, 2000).

Additions to the text of the Manual are indicated by arrows (><) inserted in the text. Deletions are indicated by a single asterisk (*) where a single word was deleted and by two asterisks (**) where more than one word was deleted. The use of three or five asterisks in the body of the laws, rules, treaties, and administrative instructions indicates a portion of the law, rule, treaty, or administrative instruction which was not reproduced.

    First Edition, November 1949
    Second Edition, November 1953
    Third Edition, November 1961
    Fourth Edition, June 1979
    Fifth Edition, August 1983
    Sixth Edition, January 1995
    Seventh Edition, July 1998
    Eighth Edition, August 2001
      Revision 1, February 2003
      Revision 2, May 2004

# Chapter 1700 Miscellaneous

| | |
|---|---|
| 1701 | Office Personnel Not To Express Opinion on Validity or Patentability of Patent |
| ,** | |
| 1701.01 | Office Personnel Not To Testify |
| 1702 | Restrictions on Former Examiners |
| 1703 | The *Official Gazette* |
| 1704 | Application Records and Reports |
| 1705 | Examiner Docket, Time, and Activity Recordation |
| 1706 | Disclosure Documents |
| 1711 | U.S.-Philippines Search Exchange |
| 1720 | Dissemination of Court and Board of Patent Appeals and Interferences Decisions |
| 1721 | Treatment of Court and Board of Patent Appeals and Interferences Decisions Affecting Patent and Trademark Office Policy and Practice |
| 1730 | Information Sources |

## 1701 Office Personnel Not To Express Opinion on Validity or Patentability of Patent

Every patent is presumed to be valid. 35 U.S.C. 282, first sentence. Public policy demands that every employee of the United States Patent and Trademark Office (USPTO) refuse to express to any person any opinion as to the validity or invalidity of, or the patentability or unpatentability of any claim in any U.S. patent, except to the extent necessary to carry out

(A) an examination of a reissue application of the patent,

(B) a reexamination proceeding to reexamine the patent, or

(C) an interference involving the patent.

The question of validity or invalidity is otherwise exclusively a matter to be determined by a court. Members of the patent examining corps are cautioned to be especially wary of any inquiry from any person outside the USPTO, including an employee of another U.S. Government agency, the answer to which might indicate that a particular patent should not have issued. No USPTO employee may pursue a bounty offered by a private sector source for identifying prior art. The acceptance of payments from outside sources for prior art search activities may subject the employee to administrative disciplinary action.

When a field of search for an invention is requested, examiners should routinely inquire whether the invention has been patented in the United States. If the invention has been patented, no field of search should be suggested.

Employees of the USPTO, particularly patent examiners who examined an application which matured into a patent or a reissued patent or who conducted a reexamination proceeding, should not discuss or answer inquiries from any person outside the USPTO as to whether or not a certain reference or other particular evidence was considered during the examination or proceeding and whether or not a claim would have been allowed over that reference or other evidence had it been considered during the examination or proceeding. Likewise, *employees* are cautioned against answering any inquiry concerning any entry in the patent or reexamination file, including the extent of the field of search and any entry relating thereto. The record of the file of a patent or reexamination proceeding must speak for itself.

Practitioners can be of material assistance in this regard by refraining from making improper inquiries of members of the patent examining corps. Inquiries from members of the public relating to the matters discussed above must of necessity be refused and such refusal should not be considered discourteous or an expression of opinion as to validity or patentability.

## 1701.01 Office Personnel Not To Testify [R-2]

It is the policy of the United States Patent and Trademark Office (USPTO) that its employees, including patent examiners, will not appear as witnesses or give testimony in legal proceedings, except under the conditions specified in **>37 CFR Part 104, Subpart C<. Any employee who testifies contrary to this policy will be *dismissed or removed*. **

Whenever an employee of the USPTO, including a patent examiner, is asked to testify or receives a subpoena, the employee shall immediately notify the Office of the USPTO General Counsel. Inquiries requesting testimony shall be also referred immediately to the Office of the USPTO General Counsel.

EXHIBIT ___D___

Patent examiners and other USPTO employees performing or assisting in the performance of quasi-judicial functions, are forbidden to testify as experts or to express opinions as to the validity of any patent.

Any individual desiring the testimony of an employee of the USPTO, including the testimony of a patent examiner or other quasi-judicial employee, must comply with the provisions of **>37 CFR Part 104, Subpart C.

A request by a third party to take deposition testimony of a patent examiner in a pending *ex parte* reexamination proceeding will generally be denied in view of the *ex parte* nature of the reexamination proceeding.<

A request for testimony of an employee of the USPTO should be made to the Office of the USPTO General Counsel at least **10 working days** prior to the date of the expected testimony.

If an employee is authorized to testify, the employee will be limited to testifying about facts within the employee's personal knowledge. Employees are prohibited from giving expert or opinion testimony. *Fischer & Porter Co. v. Corning Glass Works*, 61 F.R.D. 321, 181 USPQ 329 (E.D. Pa. 1974). Likewise, employees are prohibited from answering hypothetical or speculative questions. *In re Mayewsky*, 162 USPQ 86, 89 (E.D. Va. 1969) (deposition of an examiner must be restricted to relevant matters of fact and must avoid any hypothetical or speculative questions or conclusions based thereon); *ShafferTool Works v. Joy Mfg. Co.*, 167 USPQ 170 (S.D. Tex. 1970) (deposition of examiner should be limited to matters of fact and must not go into hypothetical or speculative areas or the bases, reasons, mental processes, analyses, or conclusions of the examiner in acting upon a patent application). Employees will not be permitted to give testimony with respect to subject matter which is privileged. Several court decisions limit testimony with respect to quasi-judicial functions performed by employees. Those decisions include *United States v. Morgan*, 313 U.S. 409, 422 (1941) (improper to inquire into mental processes of quasi-judicial officer or to examine the manner and extent to which the officer considered an administrative record); *Western Electric Co. v. Piezo Technology, Inc.*, 860 F.2d 428, 8 USPQ2d 1853 (Fed. Cir. 1988) (patent examiner may not be compelled to answer questions which probe the examiner's technical knowledge of the subject matter of a patent); *McCulloch Gas Processing Co. v. Department of Energy*, 650 F.2d 1216, 1229 (Temp. Emer. Ct. App. 1981) (discovery of degree of expertise of individuals performing governmental functions not permitted); *In re Nilssen*, 851 F.2d 1401, 7 USPQ2d 1500 (Fed. Cir. 1988) (technical or scientific qualifications of examiners-in-chief are not legally relevant in appeal under 35 U.S.C. 134 since board members need not be skilled in the art to render obviousness decision); *Lange v. Commissioner*, 352 F. Supp. 166, 176 USPQ 162 (D.D.C. 1972) (technical qualifications of examiners-in-chief not relevant in 35 U.S.C. 145 action).

In view of the discussion above, if an employee is authorized to testify in connection with the employee's involvement or assistance in a quasi-judicial proceeding which took place before the USPTO, the employee will not be permitted to give testimony in response to questions **>that the Office determines are impermissible. Impermissible questions include, but are not limited to, questions directed to discovering the mental processes or expertise of a quasi-judicial official, such as:<

(A) Information about that employee's:

(1) Background;

(2) Expertise;

(3) Qualifications to examine or otherwise consider a particular patent or trademark application;

(4) Usual practice or whether the employee followed a procedure set out in any Office manual of practice (including the MPEP or TMEP) in a particular case;

(5) Consultation with another Office employee;

(6) Understanding of:

(a) A patented invention, an invention sought to be patented, or patent application, patent, reexamination or interference file;

(b) Prior art;

(c) Registered subject matter, subject matter sought to be registered, or a trademark application, registration, opposition, cancellation, interference, or concurrent use file;

(d) Any Office manual of practice;

(e) Office regulations;

(f) Patent, trademark, or other law; or

(g) The responsibilities of another Office employee;

25 EXHIBIT ___D___

(7) Reliance on particular facts or arguments;

(B) To inquire into the manner in and extent to which the employee considered or studied material in performing a quasi-judicial function; or

(C) To inquire into the bases, reasons, mental processes, analyses, or conclusions of that Office employee in performing the quasi-judicial function.

Any request for testimony addressed or delivered to the Office of the USPTO General Counsel shall comply with **>37 CFR 104.22(c)<. All requests must be in *writing*. The need for a subpoena may be obviated where the request complies with **>37 CFR 104.22(c)< if the party requesting the testimony further meets the following conditions:

(A) The party requesting the testimony identifies the civil action or other legal proceeding for which the testimony is being taken. The identification shall include the:

(1) Style of the case;

(2) Civil action number;

(3) District in which the civil action is pending;

(4) Judge assigned to the case; and

(5) Name, address, and telephone number of counsel for all parties in the civil action.

(B) The party agrees not to ask questions seeking information which is precluded by **>37 CFR 104.23<;

(C) The party shall comply with applicable provisions of the Federal Rules of Civil Procedure, including Rule 30, and give 10 working days notice to the Office of the USPTO General Counsel prior to the date a deposition is desired. Fifteen working days notice is required for any deposition which is desired to be taken between November 15 and January 15;

(D) The party agrees to notice the deposition at a place convenient to the USPTO. The Conference Room in the Office of the USPTO General Counsel is deemed to be a place convenient to the Office; and

(E) The party agrees to supply a copy of the transcript of the deposition to the USPTO for its records.

Absent a written agreement meeting the conditions specified in paragraphs (A) through (E), a party must comply with the precise terms of **>37 CFR 104.22(c)< and the USPTO will not permit a deposition without issuance of a subpoena.

## 1702  Restrictions on Former Examiners

*37 CFR 10.10. Restrictions on practice in patent cases.*

(a) Only practitioners who are registered under § 10.6 or individuals given limited recognition under § 10.9 will be permitted to prosecute patent applications of others before the Office.

(b) No individual who has served in the patent examining corps of the Office may practice before the Office after termination of his or her service, unless he or she signs a written undertaking,

(1) Not to prosecute or aid in any manner in the prosecution of any patent application pending in any patent examining group during his or her period of service therein and

(2) Not to prepare or prosecute or to assist in any manner in the preparation or prosecution of any patent application of another (i) assigned to such group for examination and (ii) filed within two years after the date he or she left such group, without written authorization of the Director. Associated and related classes in other patent examining groups may be required to be included in the undertaking or designated classes may be excluded from the undertaking. When an application for registration is made after resignation from the Office, the applicant will not be registered if he or she has prepared or prosecuted or assisted in the preparation or prosecution of any patent application as indicated in the paragraph. Knowingly preparing or prosecuting or providing assistance in the preparation or prosecution of any patent application contrary to the provisions of this paragraph shall constitute misconduct under § 10.23(c)(13) of this part.

(c) A practitioner who is an employee of the Office cannot prosecute or aid in any manner in the prosecution of any patent application before the Office.

(d) Practice before the Office by Government employees is subject to any applicable conflict of interest laws, regulations or codes of professional responsibility.

See also MPEP § 309.

## 1703  The *Official Gazette* [R-2]

The *Official Gazette of the United States Patent and Trademark Office (Official Gazette)* is published >electronically< every Tuesday in two sections, the *Official Gazette – Patents* and the *Official Gazette – Trademarks*. **

The *Official Gazette — Patents* reports the reexamination certificates, reissues, plant patents, utility patents, and design patents issued and statutory invention registrations (if any) published on that day. **>The *Official Gazette — Patents* (eOG:P) allows browsing through the issued patents for the week. The eOG:P can be browsed by classification or type of patent, for example, utility, design, and plant. Specific patents can be accessed by class/subclass or patentee name. Links are provided to the various pages of the eOG:P: