7 of 100 DOCUMENTS

AMICUS COMMUNICATIONS, L.P., Plaintiff, v. HEWLETT-PACKARD COMPANY, INC, Defendant.

Misc. No. 99-0284 HHK/DAR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

*1999 U.S. Dist. LEXIS 20901*

**December 3, 1999, Decided**

**DISPOSITION:** [*1] Non-Party, Opposing Counsel's Motion to Quash the Subpoena to Maurice U. Cahn by Defendant Under FED. R. CIV. P. 45(c)(3)(A) (Docket No. 1) DENIED; and Cross-Motion of Hewlett-Packard Company, Inc. to Compel Attendance at Deposition and Production of Documents and/or Privilege Log (Docket No. 4) GRANTED, and Non-party Cahn's Motion to Strike Defendant's Cross-Motion to Compel (Docket No. 5) DENIED AS MOOT.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In pending patent litigation action, non-party, co-counsel for plaintiff, filed a motion to quash subpoenas ad testificandum and duces tecum served upon him by defendant. Defendant opposed the motion, and filed a cross-motion to compel attendance at a deposition and production of documents. Non-party moved to strike defendant's cross-motion.

**OVERVIEW:** In a pending trademark infringement action, defendant requested discovery from non-party, co-counsel for plaintiff. Non-party filed a motion to quash the subpoenas ad testificandum and duces tecum. Defendant opposed the motion, and filed a cross-motion to compel attendance at a deposition and production of documents. Defendant argued that it sought to depose non-party concerning pre-litigation facts that were neither privileged communications nor protected work product, and that any credible claim of privilege for the documents sought by defendant have been knowingly and repeatedly waived. Non-party moved to strike defendant's cross-motion. The court denied non-party's motion to quash and granted defendant's motion to compel. The court found that non-party failed to demonstrate that the testimony and documents sought by defendant were protected by either the attorney-client or work product privilege. Additionally, the court found that the discovery sought by defendant from non-party was relevant, non-privileged and not obtainable from other sources.

**OUTCOME:** The court denied non-party's motion to quash and granted defendant's motion to compel. The court found that non-party failed to demonstrate that testimony and documents sought by defendant were protected by either the attorney-client or work product privilege. Further, the court denied non-party's motion to strike defendant's cross-motion as moot.

**LexisNexis(R) Headnotes**

*Civil Procedure > Discovery > General Overview*
*Criminal Law & Procedure > Discovery & Inspection > Depositions*
*Patent Law > Remedies > Collateral Assessments > Attorney Fees*
[HN1] A party is not precluded from taking the deposition of patent prosecution counsel simply because that counsel was chosen notwithstanding his personal knowledge of the underlying facts.

*Civil Procedure > Discovery > General Overview*
[HN2] When a party employs a counsel to represent it in a case where an attorney has played a role in the underlying facts, both the attorney and the party have every reason to expect that the attorney's deposition may be requested.

*Civil Procedure > Discovery > Privileged Matters > Work Product > General Overview*
[HN3] Generally, work performed by an attorney to prepare and prosecute a patent application does not fall within the parameters of the work-product protection.

Case 1:06-mc-00297-RMC  Document 2-9  Filed 07/07/2006  Page 2 of 4

Page 2
1999 U.S. Dist. LEXIS 20901, *

*Civil Procedure > Discovery > Privileged Matters > Work Product > General Overview*
[HN4] To come within the umbrella of the work-product doctrine, a document must have been prepared in anticipation of litigation or for trial, and that the privilege is not extended to preparation for ex parte proceedings such as patent proceedings.

*Civil Procedure > Discovery > Privileged Matters > Work Product > General Overview*
*Civil Procedure > Pretrial Matters > Subpoenas*
*Evidence > Inferences & Presumptions > General Overview*
[HN5] For purposes of determining whether documents come within the umbrella of the work-product doctrine, a litigant must demonstrate that documents were created with a specific claim supported by concrete facts which would likely lead to litigation in mind, not merely assembled in the ordinary course of business or for other nonlitigation purposes.

COUNSEL: For MAURICE U. CAHN, Non Party: Maurice Ulman Cahn, CAHN & SAMUELS, LLP, Washington, DC.

JUDGES: DEBORAH A. ROBINSON, United States Magistrate Judge.

OPINIONBY: DEBORAH A. ROBINSON

OPINION:

### MEMORANDUM ORDER

The above-captioned miscellaneous matter arises from a discovery dispute in a civil action pending in the United States District Court for the Western District of Texas. Non-party Maurice U. Cahn, co-counsel for plaintiff in the action pending in the Western District of Texas, moves to quash a subpoena as testificandum and duces tecum served upon him by defendant on the ground that "the subpoena, on its face seeks attorney client privileged communications and attorney work product without any showing of propriety or need." Non-Party, Opposing Counsel's Motion to Quash [*2] the Subpoena to Maurice U. Cahn by Defendant Under FED. R. CIV. P. 45(c)(3)(A) (Docket No. 1).

Defendant opposes non-party Cahn's motion, and moves to compel both his attendance at a deposition and the production of documents or a privilege log. Cross-Motion of Hewlett-Packard Company, Inc. to Compel Attendance at Deposition and Production of Documents and/or Privilege Log (Docket No. 4). In the memorandum in support of its motion and in opposition to non-party Cahn's motion, defendant maintains that Cahn

> is a percipient witness, in some instances the sole percipient witness, to non-privileged pre-litigation facts and communications that are highly relevant to [the pending] trademark infringement action[.] On behalf of [plaintiff,] Mr. Cahn obtained the service mark registration for the mark PAVILION that is at issue in the suit. Both the Complaint and the Counterclaim in the Texas action interpose allegations that put events during the prosecution of the registration directly at issue in the proceeding. Both Mr. Cahn' client, ACLP, and Defendant/Counterclaimant Hewlett-Packard Company, Inc. ("H-P") identified Mr. Cahn as a witness in the Texas action prior to the [*3] time he even applied for admission *pro hac vice* in connection with that litigation.

Memorandum of Points and Authorities (1) in Opposition to Motion by Maurice U. Cahn to Quash Subpoena and (2) in Support of Hewlett-Packard Company's Cross-Motion to Compel Attendance at Deposition and Production of Documents and/or Privilege Log ("Defendant's Memorandum") at 1. Defendant states that it seeks to depose Cahn "concerning pre-litigation facts that are neither privileged communications nor are protected work product[,]" and that "any credible claim of privilege for the documents HP seeks . . . has been knowingly and repeatedly waived." Defendant's Memorandum at 1-2. n1

> n1 Defendant further explains that it "does not intend to depose Mr. Cahn in connection with his role as tertiary co-counsel in the Texas action or with respect to the events occurring in the adversarial opposition proceeding[,]" and that the deposition "will be limited to the prosecution of the trademark application and the other topics identified herein[.]" Defendant's Memorandum at 15.

[*4]

Non-party Cahn has moved to strike defendant's cross-motion. See Motion to Strike Defendant's Cross-Motion to Compel (Docket No. 5). In his reply to defendant's opposition to his motion to quash the subpoena, non-party Cahn tacitly concedes that he obtained the

service mark registration for the mark which is at issue in the Texas litigation, but maintains that "because the language of the registration is established, regardless of the undersigned's understanding, impressions, or contentions, his testimony about the meaning of the trademark registration does not make him a necessary witness." Reply of Non-Party, Opposing Counsel to Defendant's Opposition to the Motion to Quash the Subpoena to Maurice U. Cahn by Defendant Under FED. R. CIV. P. 45(c)(3)(A) at 3. Non-party Cahn offers no authority in support of his contention that his role as co-counsel in the Texas litigation insulates him from discovery with respect to the service mark registration proceedings. See Reply Memorandum of Hewlett-Packard Company, Inc. in Support of Cross-Motion to Compel; Memorandum in Opposition to Mr. Cahn's Motion to Strike the Cross-Motion at 1.

## DISCUSSION

Upon consideration [*5] of the motions and the memoranda in support thereof, non-party Cahn's motion to quash the subpoena will be denied, and defendant's motion to compel will be granted, for the reasons offered by defendant. More specifically, the undersigned observes that several courts have allowed the depositions of patent prosecution counsel, and have refused to uphold such counsel's blanket invocation of attorney-client privilege. See, e.g., *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 249 (D.Kan. 1995); *Hay & Forage Indus. v. Ford New Holland, Inc.*, 132 F.R.D. 687, 689-90 (D.Kan. 1990). n2 Indeed, the United Phosphorus court held that [HN1] a party was not precluded from taking the deposition of patent prosecution counsel simply because that counsel was chosen "notwithstanding his personal knowledge of the underlying facts[.]" That court concluded that

> [HN2] when a party employs a counsel to represent it in a case where an attorney has played a role in the underlying facts, both the attorney and the party have every reason to expect that the attorney's deposition may be requested.

*United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. at 249. [*6]

> n2 The undersigned finds that Cahn's reliance upon the decision of the Eighth Circuit in Shelton v. American Motors Co. is misplaced, in that the court considered a claim of attorney-client privilege in a circumstances in which the lawyer whose deposition was sought had no factual, pre-litigation knowledge relevant to the pending action, and who "had nothing to do with this lawsuit except to represent her client." See *Shelton v. American Motors Co.*, 805 F.2d 1323, 1330 (8th Cir. 1986). In this action, it is undisputed that non-party Cahn has factual, pre-litigation knowledge.

Nor can the attorney work product privilege be construed as broadly as non-party Cahn urges. [HN3] "Generally, work performed by an attorney to prepare and prosecute a patent application does not fall within the parameters of the work-product protection[.]" *In re Application of Minebea Co.*, 143 F.R.D. 494, 499 (S.D.N.Y. 1992). Questions of patent prosecution counsel regarding his "thought process with respect [*7] to the original patent application" have been allowed. See, e.g., *Oak Indus. v. Zenith Elec. Corp.*, 687 F. Supp. 369, 374-75 (N.D. Ill. 1988). Inquiry regarding a patent prosecution attorney's communications with the Patent and Trademark Office has also been allowed. *Hay & Forage Indus. v. Ford New Holland, Inc.*, 132 F.R.D. at 689-90. Non-party Cahn has not shown that the "primary motivating purpose" of the trademark registration "was to assist in the pending or impending litigation," and accordingly, the protection of the attorney work product doctrine is not available. See *In re Application of Minebea Co.*, 143 F.R.D. at 499.

With respect to documents, it is settled that [HN4] "to come within the umbrella of the work-product doctrine, the document must have been 'prepared in anticipation of litigation or for trial[,]'" and that the privilege "is not 'extended to preparation for ex parte proceedings such as patent proceedings.'" *Stryker Corp. v. Intermedics Orthopedics, Inc.*, 145 F.R.D. 298, 302 (E.D.N.Y. 1992) (citations omitted); see *Burroughs Wellcome Co. v. Barr Labs., Inc.*, 143 F.R.D. 611, 617 (E.D.N.C. 1992). [*8] In Stryker, the court expressly rejected the proposition "that litigation is a 'possibility' in every patent application." *Stryker Corp. v. Intermedics Orthopedics, Inc.*, 145 F.R.D. at 302. This Circuit has held that [HN5] a litigant

> must demonstrate that documents were created "with a specific claim supported by concrete facts which would likely lead to litigation in mind," not merely assembled in the ordinary course of business or for other nonlitigation purposes.

Case 1:06-mc-00297-RMC    Document 2-9    Filed 07/07/2006    Page 4 of 4

Page 4
1999 U.S. Dist. LEXIS 20901, *

*Linde Thomson Langworthy Kohn & Van Dyke v. Resolution Trust Corp., 303 U.S. App. D.C. 316, 5 F.3d 1508, 1515 (D.C. Cir. 1993)* (citations omitted). Non-Party Cahn, by his sweeping conclusion that the subpoena seeks protected work product, has not even attempted to make such showing.

## CONCLUSION

For the foregoing reasons, the undersigned finds that non-party Cahn has failed to demonstrate that the testimony and documents sought by defendant are protected by either the attorney-client or work product privilege. Additionally, the undersigned finds that the discovery sought by defendant from non-party Cahn is relevant, non-privileged and not obtainable from other [*9] sources. It is, therefore, this    day of December, 1999,

**ORDERED** that Non-Party, Opposing Counsel's Motion to Quash the Subpoena to Maurice U. Cahn by Defendant Under *FED. R. CIV. P. 45(c)(3)(A)* (Docket No. 1) is **DENIED**; and it is

**FURTHER ORDERED** that the Cross-Motion of Hewlett-Packard Company, Inc. to Compel Attendance at Deposition and Production of Documents and/or Privilege Log (Docket No. 4) is **GRANTED**, and that

(1) non-party Cahn shall produce any privilege log with respect to documents responsive to the document subpoena as to which privilege is claimed consistent with the authorities cited herein no later than December 10, 1999;

(2) non-party Cahn shall produce the documents responsive to the document subpoena not withheld in accordance with the foregoing provision no later than December 15, 1999;

(3) non-party Cahn shall appear for a deposition at time agreeable to the parties and Cahn no later than December 22, 1999; and

(4) defendant shall limit the deposition of non-party Cahn to the issues identified by defendant in the memorandum in support of its cross-motion to compel; and it is

**FURTHER ORDERED** that non-party Cahn's Motion [*10] to Strike Defendant's Cross-Motion to Compel (Docket No. 5) is **DENIED AS MOOT**.

December 3rd, 1999

/s/

DEBORAH A. ROBINSON

United States Magistrate Judge