3 of 100 DOCUMENTS

GENAL STRAP, INC. d/b/a VOGUESTRAP, Plaintiff, - against - IRIT DAR, ELI PINCHASSI DAR, ID STUDIOS, INC., and ID SOLUTIONS, LLC, Defendants.

CV 2004-1691 (SJ) (MDG)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

2006 U.S. Dist. LEXIS 11474

March 3, 2006, Decided

**COUNSEL:** [*1] For Genal Strap, Inc. doing business as Voguestrap, Plaintiff: George Gottlieb, Steven Stern, Gottlieb, Rackman & Reisman P.C., New York, NY.

For Irit Dar, Eli Pinchassi Dar, ID Studios, Inc., ID Solutions, LLC, Defendants: David Benjamin Sunshine, Joshua Lee Raskin, Wolf Block Schorr and Solis-Cohen LLP, New York, NY US.

For Eli Pinchassi Dar, Irit Dar, ID Solutions, LLC, ID Studios, Inc., Counter Claimants: Martin G. Raskin, Joshua Lee Raskin, Wolf Block Schorr and Solis-Cohen LLP, New York, NY US.

For Milton Gerard, Counter Defendant: Bruce Egert, Bruce Egert, New York, NY.

For Terry D. Aranoff, Barron Consulting Group, Ltd., Counter Defendants: Avrom Schachter Fischer, Avrom S. Fischer, Brooklyn, NY.

For Luxottica Group S.p.A., Wal-Mart Stores, Inc., Genal Strap, Inc., Lenscrafters Inc., Sunglass Hut International, Counter Defendants: Steven Stern, Gottlieb, Rackman & Reisman P.C., New York, NY.

For Rite Aid Corporation, Counter Defendant: Brian W. Nolan, David Leichtman, Morgan, Lewis & Bockius, LLP, New York, NY; Corinne A. Niosi, Morgan, Lewis & Bockius, LLP, Washington, DC.

For Rite Aid Corporation, Counter Claimant: Brian W. Nolan, David Leichtman, [*2] Morgan, Lewis & Bockius, LLP, New York, NY; Corinne A. Niosi, Morgan, Lewis & Bockius, LLP, Washington, DC.

**JUDGES:** MARILYN D. GO, UNITED STATES MAGISTRATE JUDGE.

**OPINIONBY:** MARILYN D. GO

**OPINION:**

ORDER

Plaintiff Genal Strap, Inc. d/b/a Voguestrap ("Voguestrap") brings this declaratory judgment action seeking a declaration that it is authorized to sell certain contact lens holder products covered by patents held and marketed by defendants under the trademarks I-POD and I-SLIDE. Defendants have asserted counterclaims against Voguestrap and various counterclaim defendants, including claims for patent infringement, false marking and unfair competition with respect to its patented contact lens holder products. In response to defendants' infringement counterclaims, Voguestrap has asserted the affirmative defense of inequitable conduct.

Defendants and their counsel, Martin Raskin, move to quash a subpoena ad testificandum served upon Raskin by Voguestrap (ct. doc. 110). For the reasons set forth below, the motion to quash is denied.

DISCUSSION

A party may obtain discovery of any non-privileged matter that is relevant to a claim or defense of any party. *Fed. R. Civ. P. 26(b)(1)* [*3] . However, a district court may limit discovery "for good cause shown" by making "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including that the discovery not be had or that it be had only by a method other than that selected by the party seeking discovery. *Fed. R. Civ. P. 26(c)*. Similarly, under *Fed. R. Civ. P. 45*, the court may "quash or modify the subpoena if it . . . subjects [the non-party] to undue burden." *Fed. R. Civ. P. 45(c)(3)(A)(iv)*. "The burden of persuasion in a motion to quash a subpoena and for a protective order is borne by the movant." *Jones v. Hirschfeld, 219 F.R.D. 71, 74-75*

*(S.D.N.Y. 2003)* (citing *Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992))*. n1

n1 This Court shall apply the law of this circuit since regional circuit law ordinarily applies to procedural issues that are not unique to patent law. See *Utah Med. Prods., Inc. v. Graphic Controls Corp., 350 F.3d 1376, 1381 (Fed. Cir. 2003); Amana Refrigeration, Inc. v. Quadlux, Inc., 172 F.3d 852, 856 (Fed. Cir. 1999)*. Because "an order quashing a subpoena is not unique to patent law," the instant motion should be considered under the law of the Second Circuit. See *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc., 813 F.2d 1207, 1209 (Fed. Cir. 1987)*; see also *aaiPharma, Inc. v. Kremers Urban Dev. Co., 361 F. Supp.2d 770, 773 n.1 (N.D. Ill. 2005); ResQnet.com, Inc. v. Lansa, Inc., 2004 U.S. Dist. LEXIS 13579, No. 01 Civ. 3578, 2004 WL 1627170, at *1 (S.D.N.Y. July 21, 2004)* (applying Second Circuit law to motion to quash subpoena served on patent prosecution and trial counsel).

[*4]

Although "depositions of opposing counsel are disfavored," *United States v. Yonkers Bd. of Educ., 946 F.2d 180, 185 (2d Cir. 1991)*, such a view "is not a talisman for the resolution of all controversies of this nature." *Official Comm. of Unsecured Creditors of Hechinger Inv. Co. of Del., Inc. v. Friedman (In re Friedman), 350 F.3d 65, 71 (2d Cir. 2003)*. Rather, "the standards set forth in *Rule 26* require a flexible approach to lawyer depositions," taking into consideration "all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship." *Id. at 72*. Relevant factors "may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." Id.

Voguestrap claims that with respect to its inequitable conduct defense, defendants intentionally failed to disclose the true inventors of the contact lens cases to the Patent Office. See Voguestrap's Reply to Defendants' Amended Counterclaims (ct. doc. 96) at P146. It seeks Raskin's [*5] deposition concerning the prosecution of the patents-in-suit, and, more specifically, information regarding Raskin's knowledge of alleged unnamed inventors of the contact lens cases.

A patent is unenforceable for inequitable conduct if, during prosecution of the patent, the applicant withheld material information from the Patent Office or submitted false information with intent to deceive or mislead the examiner into granting the patent. *Fiskars, Inc. v. Hunt Mfg. Co., 221 F.3d 1318, 1326 (Fed. Cir. 2000); LaBounty Mfg. v. United States ITC, 958 F.2d 1066, 1070 (Fed. Cir. 1992)*. "An equitable judgment must be made that, in light of all the particular circumstances, the conduct of the patentee is so culpable that its patent should not be enforced." *Labounty Mfg., 958 F.2d at 1070; Consolidated Aluminum Corp. v. Foseco Intern. Ltd., 910 F.2d 804 (Fed. Cir. 1990)*. In determining inequitable conduct, the knowledge and actions of a patent applicant's attorney are chargeable to the applicant. See *Novo Nordisk Pharm., Inc. v. Bio-Technology General Corp., 424 F.3d 1347, 1361 (Fed. Cir. 2005)*; [*6] *Elk Corp. of Dallas v. GAF Building Materials Corp., 168 F.3d 28, 30 (Fed. Cir. 1999); Molins PLC v. Textron, Inc., 48 F.3d 1172, 1178 (Fed. Cir. 1995); 37 C.F.R. § 1.56* (duty to disclose material information extends to attorney who prepares or prosecutes application).

Accordingly, courts have permitted the deposition of patent prosecution counsel who is also serving as trial counsel where the knowledge of counsel was pertinent to a defense raised of inequitable conduct. See *aaiPharma, Inc. v. Kremers Urban Dev. Co., 361 F. Supp.2d 770 (N.D. Ill. 2005); Alcon Laboratories, Inc. v. Pharmacia Corp., 225 F. Supp.2d 340 (S.D.N.Y. 2002); Amicus Comms. v. Hewlett-Packard Co., Inc., 1999 U.S. Dist. LEXIS 20901, No. 99-0284, 1999 WL 33117227, at *2 (D.D.C. 1999); Environ Prods. Inc. v. Total Containment Inc., 41 U.S.P.Q.2d 1302 (E.D. Pa. 1996); United Phosphorus, Ltd. v. Midland Fumigant, Inc., 164 F.R.D. 245, 249 (D. Kan. 1995); Hay & Forage Industries v. Ford New Holland, 132 F.R.D. 687 (D. Kan. 1990)*; see also *ResQnet.com, Inc. v. Lansa, Inc., 2004 U.S. Dist. LEXIS 13579, No. 01 Civ. 3578, 2004 WL 1627170, at *3-*5 (S.D.N.Y. July 21, 2004)* [*7] (quashing subpoena served on patent prosecution and trial counsel because no defense of inequitable conduct was asserted). Those courts have recognized that "the prosecuting attorney's mental impressions are crucial to any claim of inequitable conduct in a patent infringement action." *Alcon, 225 F. Supp.2d at 344*; see *Environ Prods., 41 U.S.P.Q.2d at 1306* ("The affirmative defense of inequitable conduct makes [the attorney's] mental impressions during the reexamination proceedings an issue in this litigation"); see also *aaiPharma, 361 F. Supp.2d at 774 n.3* (discovery from attorneys involved in prosecution of patents in suit is directly relevant to inequitable conduct); *ResQNet.com, 2004 U.S. Dist. LEXIS 13579, 2004 WL 1627170, at *6; Amicus Commc'n, 1999 U.S. Dist. LEXIS 20901, 1999 WL 33117227, at *1; Hay & Forage, 132 F.R.D. at 690*. Although plaintiff has already deposed defendant Irit Dar, the alleged inventor of the patents-in-suit, Raskin, as prosecution counsel, is the only source of

information concerning his knowledge of other inventors and his mental impressions concerning the inventorship of the [*8] patents. See aaiPharma, 361 F. Supp.2d at 778 (deposition was only manner for defendants to discover patent prosecution counsel's knowledge of undisclosed prior art); Alcon, 225 F. Supp.2d at 343 (attorney was best, and in some cases, the only source for information because of his role in the patent's prosecution); Environ Prods., 41 U.S.P.Q.2d at 1306 (deposition of patent prosecution counsel was only way to discover his mental impressions relevant to inequitable conduct defense); Hay & Forage, 132 F.R.D. at 690. Less burdensome discovery methods, such as interrogatories, are unavailable with regard to Raskin because he is a non-party. See Fed. R. Civ. P. 33; Alcon, 225 F. Supp.2d at 343-44 (patent prosecution counsel not subject to interrogatories under Federal Rules because he is not a party to the action). Thus, because of his role in the patent prosecution, Raskin's deposition is crucial to Voguestrap's inequitable conduct defense.

Defendants and Raskin claim that they "cannot envision a single question relating to the prosecution of the patents in [*9] suit that plaintiff could ask which would not cause Raskin to assert the attorney client privilege and/or work product immunity doctrine." Ct. doc. 110 at 7. However, "an attorney cannot avoid a deposition by asserting that he or she has no relevant, nonprivileged information, . . . at a minimum, the attorney must submit to a deposition so that his lack of knowledge may be tested on any claimed privilege placed on the record." Alcon, 225 F. Supp.2d at 344 (quoting Mohawk Power Corp., 125 F.R.D. 578, 594 (N.D.N.Y. 1989)).

In any event, "work performed by an attorney to prepare and prosecute a patent application does not fall within the parameters of the work-product protection" because it is not created "in anticipation of litigation." Amicus Commc'n, 1999 U.S. Dist. LEXIS 20901, 1999 WL 33117227, at *2; In re Minebea Co., Ltd., 143 F.R.D. 494, 499 (S.D.N.Y. 1992); see Stryker Corp. v. Intermedics Orthopedics, Inc., 145 F.R.D. 298, 302 (E.D.N.Y. 1992). Thus, Raskin's mental impressions are discoverable unless he can demonstrate that the work he performed was also performed in anticipation of litigation. Moreover, confidential [*10] communication between lawyer and client are only privileged if made for the purpose of obtaining legal advice. Fisher v. United States, 425 U.S. 391, 403, 96 S. Ct. 1569, 48 L. Ed. 2d 39 (1976). Communications of "technical information" between client and attorney for the purpose of submission to the Patent Office are not privileged. In re Minebea, 143 F.R.D. at 502. Further, underlying facts do not become privileged simply because they were transmitted from client to attorney. See Upjohn Co. v. United States, 449 U.S. 383, 395-96, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981). Any knowledge Raskin gained from reviewing documents created by the unnamed inventors would not be privileged even if those documents were transmitted to him by his client.

The Court also rejects Raskin's and defendants' claim that Raskin was subpoenaed solely for harassment purposes. Voguestrap has asserted the affirmative defense of inequitable conduct which puts Raskin's actions and mental impressions directly at issue in this litigation. Defendants have not presented any evidence to demonstrate a more nefarious purpose.

In sum, movants have not shown that Raskin's deposition would create an undue burden.

CONCLUSION

For [*11] the foregoing reasons, Raskin's and defendants' motion to quash is denied.

**SO ORDERED.**

Dated: Brooklyn, New York

March 3, 2006

/s/

MARILYN D. GO

UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Applied Medical Resources Corporation, ) <br> ) <br> Plaintiff/Counter-defendant, ) <br> ) <br> v. ) <br> ) <br> Gaya Limited, ) <br> ) <br> Defendant/Counter-plaintiff. ) | Misc. Case No.: 1:06MS00297 <br><br> Honorable Rosemary Collyer |

## [PROPOSED] ORDER DENYING TIMOTHY BRACKETT'S MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE FOR PROTECTIVE ORDER

Upon consideration of Non-party Timothy Brackett's Motion to Quash Subpoena, or in the Alternative for Protective Order, Plaintiff/Counter-defendant and Applied Medical Resources Corporation's Opposition thereto, including the entire record herein, and good cause appearing, it is hereby

ORDERED that the motion is DENIED in its entirety, and Mr. Brackett is ordered to appear for a deposition at a reasonable time and place to be agreed upon by the parties.

Issued this ____ day of _____, 2006.

_____
Judge, United States District Court
for the District of Columbia

Submitted by:

KNOBBE, MARTENS, OLSON & BEAR, LLP

By: _____
Brenton R. Babcock (Bar No. 444,988)

By: _____
Joseph F. Jennings (pro hac vice pending)
Attorneys for Plaintiff/Counter-defendant,
APPLIED MEDICAL RESOURCES CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July, 2006, I caused a copy of the foregoing to be served by electronic mail and U.S. Mail, postage prepaid upon:

Beth L. Mitchell
NIXON PEABODY, LLP
Two Embarcadero Center, Suite 2700
San Francisco, CA 94111-3996
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

Laurin Mills
NIXON PEABODY, LLP
401 9th Street N.W. Ste. 900
Washington, D.C. 20004
Telephone: (202) 585-8000
Facsimile: (202) 585-8080

_____
Lori Hicks

2715500_1
070606